### ERIC ROBERSON V. THE STATE.

No. 9918. Delivered February 24, 1926.

**Manufacturing Intoxicating Liquor—Evidence—Held, Sufficient.**

Where, on a trial for manufacturing intoxicating liquor, the testimony of the chief witness for the state, a woman, was shaken by her cross-examination, and there were many facts and circumstances. corroborative of her testimony in chief, her credibility and the weight to be given her testimony being for the jury to determine, we do not feel warranted in setting aside their verdict, and the cause is affirmed.

Appeal from the District Court of Erath County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Oxford & Johnson* of Stephenville, for the appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is manufacturing intoxicating liquor and the punishment is two years in the penitentiary.

Apellant very earnestly contends in his brief that the evidence is insufficient to support the verdict. We have made a very careful study of the statement of facts in this case and are thoroughly convinced that the evidence is sufficient. The testimony of the chief witness for the state on the question of manufacturing liquor is more or less discredited by her cross-examination. There are, however, in the record many facts and circumstances which tend to corroborate her statement to the effect that she saw the appellant in the act of manufacturing liquor and the question of the contradictions in her testimony was one for the consideration of the jury. We cannot say that the testimony is so lackking in probative force as to warrant this court in setting aside the verdict of the jury in the case.

We have examined the court's charge and think that it correctly submitted the issues involved in the case to the jury and that the special charges offered so far as they correctly stated

the law were fully covered in the court's main charge to the jury.

Finding no error in the record, the judgment is in all .. things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.